CaeutheRS, L,
delivered the opinion of the court.
This is an action of debt for rent. The defense is rested upon two grounds:
1. That the renting was from King, who agreed that the rents should be paid in repairs, which had been made; and if not, he was liable to King, and not to Johnson.
2. That the claim was barred by the statute of limitations.
Hpon the first point, the Court charged, “ that it would make no difference whether the defendant rented the premises of, and was the tenant of the plaintiff, or whether he had rented the place of King, and was the tenant of King, provided they should find from the proof that the defendant had promised the plaintiff to pay him the rent, in either of the modes pointed out in this charge.” This is not correct, without qualifications. In the case stated it would have to appear that *467 Johnson was entitled to the rent upon tlie contract of King to make a promise to pay Mm binding; otherwise, a promise to pay him wonld be void for want of consideration.
Second. As to the proof necessary to take a case out of the statute of limitations, his Honor charged: “If they should find from the proof, that the parties agreed to refer their matters or claims to a third person to settle for them, and mutually agreed to pay one to the other, as the result might determine, whatever might be found to be due by such third person; or, if they found that the defendant promised to pay the plaintiff whatever might be found to be due him, that would prevent the operation of the statute, provided it was within three years before suing; and that no precise sum need have been mentioned, but a general promise to pay whatever was or might be found to be due, would be sufficient to preveirt the application of the statute of limitations.”
We think this charge cannot be sustained as the law of this State. Something more is required to revive a debt barred by the statute of limitations. There must be an express, unconditional promise to pay, or such an acknowledgment of an existing debt as will imply a willingness or promise to pay it if no express promise is made. When the remedy is barred by the lapse of three years it must be created anew to sustain an action. 2 Humph., 166. This can only be effected by a distinct and unequivocal acknowledgment of the debt; (4 Yerger, 174;) by an express frmwise to pay, or an admission of an existing debt still due, which he is willing to pay. Thompson vs. French, 10 Yerg., 456. The *468 rule is thus laid down in the Supreme Court of the United States, in Bell vs. Morrison, 1 Peters, 362: “ If there be no express promise, but a promise to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay.” This is approved in Belote vs. Wynne, 7 Yerg., 534.
In the case Hale vs. Hale, 4 Humph., 183, the law on this point was carried to its limit. But there the defendant had “admitted that he owed the plaintiff, and if he would do within one hundred dollars of what was right- he would pay him.” True, it is not necessary that a specific sum should be admitted to be due, or an empress promise to pay; but there must be a promise to pay something, or an acknowledgment that there is something due in reference to a particular subject matter. The Court say in Hale vs. Hale, “it is enough if an indebtedness be admitted in reference to a particular subject matter, and a willingness be expressed to pay such amount as may be due.” This position is further guarded by the remark that “we do not mean to say that a general admission of indebtedness will authorize the plaintiff to prove any accounts he may produce, however varied in their origin, and remote from the meaning of the party making the admission. The admission must refer to a particular subject matter of indebtedness, so that if the sum be not specified in the admission it may be made certain by the proof.” We yield to the authority of this case, but it certainly goes as far as can be justified upon principle, to say the least. But it does not sustain the charge in the case *469 before us. That assumes the law to be, that an agreement to refer the matters in dispute to a third' person to settle, and to pay the one to the other, whatever he might determine to be due, without the acknowledgment that any thing was due, would take the case out of the statute, or revive a debt already barred. By reference to the evidence of McClure it will be seen that the defendant insisted that he did not owe anything, but agreed to pay if the referee decided otherwise. The referee did not act upon'the case. The more general proposition in the charge, “that if they found the defendant promised to pay. the plaintiff whatever might be found to be due him,” is likewise erroneous; because, first, there is no reference to any particular transaction, or subject matter; and, second, because there is no admission that any thing was due.
To say, “if I owe you any thing I will pay you,” or, “ I do not owe you any thing, but I will refer the matter to A B, and if he says I do I will pay,” does not revive a debt, if one in fact- did exist, because the promise or acknowledgment is conditional, not only as to the amount, but as to any indebtedness at all. But to say “ I admit I am indebted to yon,” (in reference to a certain matter,) “but not to the extent you claim, and will leave it to A B, and will pay the amount when thus ascertained,” would be sufficient, according to the case of Hale vs. Hale.
In all such cases, the question is, whether there is a promise to pay the debt which is barred, or the acknowledgment of an existing debt, in such terms and under such circumstances as to authorize an inference *470 that he is willing to pay it, or to imply a promise to pay it.
The judgment will be reversed, and the cause will be remanded for a new trial.